**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ELLWOOD SZLUHA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65816

FILED

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of use of a minor in the production of pornography, seventeen counts of lewdness with a child under the age of fourteen, and one count of sexual assault of a minor under fourteen years of age. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant contends that insufficient evidence supports his conviction for sexual assault of a minor under fourteen years of age because the 11-year-old victim "refused to do anything," "told no one," and "continued to return" to his home, and therefore she consented to the acts and appellant was only guilty of statutory sexual seduction. We disagree because the record reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* NRS 200.366. The State presented evidence that the victim regularly slept over at appellant's home when she played with his daughter, her best friend. Appellant committed numerous sexual acts on the victim while she appeared to be

SUPREME COURT
OF
NEVADA

(O) 1947A

15- 34650

sleeping. Appellant filmed his acts, and one video showed appellant penetrating the victim's vagina. The victim testified that the acts were committed against her will, and although she sometimes woke up during the acts, she did not resist because she was scared and did not want to lose her best friend. It is for the jury to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, it is supported by sufficient evidence. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, appellant challenges his convictions for lewdness with a child under the age of fourteen. First, appellant seems to argue that insufficient evidence supports these convictions because no one individual act gratified his lust, passions, or desires. We reject this argument given the evidence presented at trial. Second, appellant argues that he was punished multiple times for one act in violation of the Double Jeopardy Clause. However, appellant fails to explain which convictions constitute multiple punishments for the same action. Because he does not support his Double Jeopardy claim with cogent argument, we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Third, appellant contends that the State committed misconduct by questioning the victim's mother regarding her husband's custody status, which the defense had attempted to discover before trial, but the district court deemed irrelevant. Appellant fails to demonstrate that this questioning constitutes misconduct under the circumstances, as it appears the State was offering the evidence for a different, relevant purpose than that indicated by the defense, which was to rebut appellant's contention that the victim visited appellant's home because she wanted to

engage in sex with him. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Regardless, the district court prohibited the State from referring to the witness' answer and ordered the State to turn over the information it possessed regarding the issue. And given the overwhelming evidence presented at trial, which included videos and photographs documenting appellant's acts and his own admissions, appellant fails to demonstrate that he was prejudiced by any misconduct.

Having concluded that appellant's contentions lack merit,[1] we ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     Hon. Elissa F. Cadish, District Judge
        Law Office of Betsy Allen
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Appellant also contends that cumulative error warrants relief. Because we have found no error, there are no errors to cumulate.

SUPREME COURT
OF
NEVADA

(O) 1947A